BATCHELDER, Circuit Judge,
dissenting.
While I agree with the majority that a sanction is required in this case, I must respectfully dissent from the court’s decision to remand for additional fact finding regarding M&G’s unauthorized post-petition payments. Because I believe that there is ample evidence in the record to demonstrate that the bankruptcy court clearly erred in finding that M&G’s bankruptcy code violations were “technical” as opposed to intentional, I would affirm the decision of the district court as to those payments and overrule the decision of the bankruptcy court.
M&G held itself out as an expert in bankruptcy from the time of the employment application. See J.A. 24 (employment application) (“To assist the Debtor as special counsel, the Debtor and its lead counsel have chosen the law firm of Stanton & Mendes, PLLC because its attorneys are experienced in bankruptcy matters and litigation and are well qualified to perform the professional services that will be required as special counsel for the Debtor.”) In order to. procure its fees, M&G suggested that it was well-versed in bankruptcy law; but in order to keep those fees, M&G now suggests that it was a bankruptcy novice. This court should not reward this ploy by prolonging these proceedings.
The requirements of the Bankruptcy Code and Rules concerning attorneys fees are neither esoteric nor mysterious. When a law firm professes to be experienced in bankruptcy and receives notice-in this case multiple objections by the trustee, including one which plainly references the lack of a fee application-a reviewing court simply cannot find unauthorized payments to be merely technical violations. Remand on this issue is therefore unnecessary.
For the foregoing reasons, and because remand is unnecessary for the determination of wilfulness in this case, I would affirm the decision of the district court and would overrule the decision of the bankruptcy court.